Filed 1/15/14  P. v. Rusher CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FANIEL RAMON RUSHER,<br><br>    Defendant and Appellant. | B249334<br><br>(Los Angeles County<br>Super. Ct. No. YA079263) |

THE COURT:[*]

Defendant and appellant Faniel Ramon Rusher (defendant) appeals his attempted burglary conviction.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  After defendant was notified of his counsel's brief he filed his own letter brief, asserting ineffective assistance of counsel.  We have reviewed the entire record and find that defendant's contentions are not amenable to review on appeal.  Finding no other arguable issues, we affirm the judgment.

In 2011, after defendant pled no contest to attempted first degree burglary and admitted a prior serious felony conviction and prior prison term, the trial court sentenced him to nine years in prison, suspended execution of sentence and placed defendant on formal probation.  Conditions of probation included one year in county jail, payment of mandatory fines, fees, and victim restitution, as well as maintaining a residence approved

[*]    BOREN, P. J ., ASHMANN-GERST, J., CHAVEZ, J.,

by the probation officer, obeying all laws and regulations of the probation department and the court, and submitting himself to the supervision of the probation department.

In October 2011, the trial court summarily revoked defendant's probation after learning he had been sentenced to prison by a court in San Francisco. The court later reinstated defendant's probation nunc pro tunc, as his request for immediate sentencing in this case was not processed within the time required by Penal Code section 1203.2a.[1]

In February 2013, the court again summarily revoked defendant's probation upon learning he had been arrested in San Francisco on a new charge. At the probation violation hearing on May 23, 2013, the trial court also heard defendant's oral motion to suppress evidence brought pursuant to section 1538.5. Deputy Probation Officer Michael Reich testified that in his initial meeting with defendant in April 2011, he informed defendant that defendant was prohibited from leaving Los Angeles County without permission and that he was required to report to the probation office in Compton on April 25, 2011. Defendant failed to report on the scheduled date or at any other time. Further, although he was given a monthly payment plan, defendant failed to make any court ordered payments.

San Francisco Police Officer Christina Hayes testified that she arrested defendant on January 17, 2013, after finding methamphetamine on his person during a consensual stop at a hotel known for drug and prostitution activities. She had encountered defendant before and determined that he was on probation in Los Angeles County, as well as on postconviction supervised release[2] in San Francisco County, which included a search condition.[3] After Officer Hayes searched defendant and found a plastic bag containing white powder, defendant admitted the substance contained methamphetamine. The

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     See section 3450 et seq.

[3]     Persons supervised under section 3450 et seq. "shall be subject to search at any time of the day or night, with or without a warrant, by an agent of the supervising county agency or by a peace officer." (§ 3453, subd. (f).)

preliminary ("presumptive") test Officer Hayes conducted on the substance indicated the presence of methamphetamine.

The trial court denied defendant's motion to suppress evidence and found him in violation of the terms and conditions of his probation. The court imposed the previously suspended sentence of nine years, awarded custody credit of 494 days, which include the 365 days defendant had originally served, plus an additional 126 actual days and 63 days of conduct credit. Defendant filed a timely notice of appeal.

Defendant contends that his counsel rendered ineffective assistance, although it is unclear from his letter whether he refers to his original conviction, his probation violation hearing, or some other proceeding. Defendant's contention is based upon representations allegedly made by his attorney, probation officer, a judge, and the Board of Prison Terms,[4] which he has enumerated in his letter. As these representations do not appear in the record defendant's claim of ineffective assistance of counsel must be raised in a habeas corpus proceeding. (See *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

We are satisfied from our examination of the entire record that defendant's attorney has fully complied with his responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

---

[4] The Board of Prison Terms is now the Board of Parole Hearings. (Pen. Code, § 5075, subd. (a).)